IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY GILLIAM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 4:15-cv-01440-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Terry Gilliam's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.[1] In light of the Supreme Court's recent opinion in *Beckles v. United States,* 137 S. Ct. 886, 892 (2017), the Court will deny Petitioner's motion.

On April 29, 2014, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Gilliam*, 4:14-CR-00053-AGF-1, Guilty Plea Agreement, ECF No. 38 at 6-7). The United States Probation Office then issued a presentence investigation report ("PSR"),

---

[1] The ACCA imposes an increased prison term upon a criminal defendant convicted of being a felon in possession of a firearm, if that defendant has had three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This catch-all part of the definition of a violent felony has come to be known as the ACCA's "residual clause."

which provided that Petitioner had the following prior convictions for offenses qualifying as a crime of violence or a controlled substance offense: (1) sexual battery; (2) use of a communication facility to commit and facilitate the commission of possession of marijuana with intent to distribute; and (3) possession of a controlled substance with intent to sell (marijuana). *United States v. Gilliam*, 4:14-CR-00053-AGF-1, PSR, ECF No. 51 at ¶ 29. Thus, under the sentencing guidelines, Petitioner qualified as a career offender.[2] The Court adopted the PSR and, on September 16, 2014, sentenced Petitioner as a career offender under United States Sentencing Guidelines § 4B1.1, to 204 months in prison, to run concurrently with any sentence imposed by the United States District Court in the Western District of Tennessee.[3]

Petitioner now moves to vacate, set aside, or correct his sentence, arguing that, in light of *Johnson*, his prior conviction no longer qualifies as a violent crime, and therefore, could not be used to enhance his sentence.[4] However, in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the Supreme Court held that the sentencing guidelines, including the

---

[2] Under the sentencing guidelines, a defendant is a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a) (2013). The residual clause in this Guidelines provision uses the same wording as the residual clause in the ACCA.

[3] Petitioner was charged with the conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. *Id.* at PSR, at ¶ 56.

[4] Petitioner does not specify which of his prior convictions could not be used to enhance his sentence, but inasmuch as his second and third convictions are for controlled substances violations, the Court must assume Petitioner is challenging the status of his conviction for sexual battery.

career offender sections, are not subject to void-for-vagueness challenges under the Due Process Clause. Thus, Petitioner's challenge is foreclosed by *Beckles* because he was determined to be a career offender under the sentencing guidelines, not the ACCA, and the *Johnson* holding has no application to his case. *See Cramer v. United States*, 700 F. App'x 562 (8th Cir. 2017) ("[Petitioner] is not entitled to relief under section 2255 because the [sentencing guidelines] are not subject to a void-for-vagueness challenge.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Terry Gilliam's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.
.

                                                                                          */s/ Audrey G. Fleissig*
                                                                   AUDREY G. FLEISSIG
                                                                   UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2018.